UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREA T. DAVIS,

    Plaintiff,

CASE NO.: _____

v.

SHUTTLES, LLC, a Florida limited liability company, and MAUREEN BROWER, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ANDREA T. DAVIS ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, SHUTTLES, LLC, a Florida limited liability company ("Defendant Shuttles"), and Defendant MAUREEN BROWER, individually ("Defendant Brower") and states as follows:

### NATURE OF ACTION

1. This is a civil action for damages for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. ("FLSA") and unpaid wages under Florida Common Law and § 448.08 of the Florida Statutes (2020).

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Plaintiff's claim under Florida's Common Law and § 448.08 as that claim arises out of the same common nucleus of operative facts as do Plaintiff's federal claims. *See* 28 U.S.C. § 1367.

3. The venue of this Court over this controversy is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred

in Brevard County, Florida which lies in the Middle District of Florida, Orlando Division. Defendants employed Plaintiff within Brevard County and have conducted substantial, continuous, and systematic commercial activities within Brevard County. All of the substantial events giving rise to these claims, including the unlawful employment practices of Defendants arose in Brevard County, Florida, which lies in the Middle District of Florida, Orlando Division. Further, all Defendants reside in Brevard County, Florida.

## PARTIES

4. Plaintiff is an individual residing in Florida and a former employee of Defendants. Plaintiff was engaged in interstate commerce or engaged in the production of goods for interstate commerce as those terms are broadly defined by the FLSA throughout her employment with Defendants.

5. Defendant Shuttles, LLC is a Florida limited liability company with its principal address in Merritt Island, Brevard County, Florida. Defendant Shuttles is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA and was Plaintiff's employer as that term is defined under the FLSA.

6. Defendant Brower is an individual residing in Florida and an agent of Defendant Shuttles whom, during all times material to this action, was acting directly or indirectly in the interests of Defendant Shuttles in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiff's work and is therefore considered Plaintiff's statutory employer under the FLSA along with Defendant Shuttles.

## FACTS

7. Plaintiff began employment with Defendants on or about April 19, 2019 as a waitress.

8. Plaintiff was a non-exempt hourly employee.

9. Plaintiff has worked seven (7) full work weeks for Defendants without ever receiving her underlying hourly tip credit wage. She only received her tips.

10. Plaintiff often worked hours in excess of forty (40) per workweek without being compensated time and one-half for those hours. Plaintiff attempted to record all of her hours worked but Defendants doctored her time sheets to reflect hours less than forty (40) each week. Therefore, any records produce by Defendants will be fraudulent.

11. Plaintiff objected to Defendants' refusal to consistently pay her hourly wages for her work or a lawful overtime rate for hours worked in excess of forty (40) in any given workweek.

12. Plaintiff ultimately resigned from her job.

13. Plaintiff has incurred damages from Defendants' unlawful acts.

14. Plaintiff has retained the law firm of Bogin, Munns & Munns, P.A. to represent her in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

15. All conditions precedent to the filing of this action have been fulfilled by Plaintiff or waived by Defendants.

## COUNT I
## UNPAID WAGES UNDER FLORIDA COMMON LAW
### (only as to Defendant Shuttles)

16. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-15, *supra*.

17. This is an action brought pursuant to Florida Common Law as a wages owed claim.

18. The parties had an oral agreement that Defendant Shuttles would pay Plaintiff an hourly wage for work performed.

19. Defendant has breached that agreement by failing and refusing to pay Plaintiff for many entire work weeks that she had performed work for Defendant.

20. This constitutes unpaid wages under Chapter 448.08, Florida Statutes (2020) and Florida common law.

21. Pursuant to Chapter 448.08, Florida Statutes (2020), Plaintiff is entitled to an award of its reasonable attorney fees upon prevailing in this action.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, prejudgment interest, together with costs of suit and a reasonable attorney's fee, along with any such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT
### (as to all Defendants)

22. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-15, *supra*.

23. Throughout Plaintiff's employment, Defendants repeatedly and willfully violated the FLSA by failing to consistently compensate Plaintiff at a rate not less than one and one-half times the regular rate at which she was employed for hours greater than forty (40) in any given workweek.

24. As a direct and proximate result of Defendants' acts, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

A. Unpaid overtime wages found to be due and owing;

B. An additional equal amount as liquidated damages;

C. Prejudgment interest in the event liquidated damages are not awarded;

D. A reasonable attorney's fees and costs; and

E. Such other relief as the Court deems just and equitable;

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

*/s/ John W. Bolanovich*
John W. Bolanovich
Fla. Bar No. 143707
Bogin, Munns & Munns, P.A.
1000 Legion Place, Suite 1000
Orlando, FL 32801
(P.O. Box 2807, Orlando, FL 32802)
Telephone: (407) 578-1334
Facsimile:  (407) 578-2181
Primary E-mail: jbolanovich@boginmunns.com
Secondary E-mail: bmmservice@boginmunns.com
Alternate E-mail: blewis@boginmunns.com
Counsel for Plaintiff